# PROCESS RECEIPT AND RETURN

U.S. Department of Justice
United States Marshals Service

See Instructions for "Service of Process by the U.S. Marshal"
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Dustin Fockler | 05-123 ERIE |
| DEFENDANT | TYPE OF PROCESS |
| United States Marshal's Service | Personal |

**SERVE** ➤ NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN

U.S. Marshal's Service, Central Office

ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)

**AT**  600 Army-Navy Drive, Arlington, Va. 22202-4210

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Dustin Fockler, # 11376-040
Federal Correctional Institution-McKean
P.O. Box 8000
Bradford, Pa. 16701

| | |
|---|---|
| Number of process to be served with this Form - 285 | 01 |
| Number of parties to be served in this case | 01 |
| Check for service on U.S.A. | -- |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

The United States Marshal's Service has been named in relation to suit by Federal inmate during his transport and custody of the U.S. Marshal's Service. Due to lack of resources at the inmate's current place of confinement, the address indicated above may be out dated. The inmate has been directed to serve the U.S. Marshal's Central Office not a specific state located office. Please redirect if necessary.

Signature of Attorney or other Originator requesting service on behalf of: ☐ PLAINTIFF ☐ DEFENDANT

N/A    TELEPHONE NUMBER: N/A    DATE: N/A

## SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process: 3 | District of Origin No. 68 | District to Serve No. 68 | Signature of Authorized USMS Deputy or Clerk | Date 5/26/05 – 9/20/05 |
|---|---|---|---|---|---|

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☑ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☑ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

Name and title of individual served (if not shown above)

☐ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Address (complete only if different than shown above)

Date of Service / Time / am / pm

Signature of U.S. Marshal or Deputy

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| ∅ | | | ∅ | | ∅ | |

REMARKS: mailed 8-24-05

09/15/05 RETURNED TO COURT UNEXECUTED – RETURN TO SENDER/NOT DELIVERABLE AS ADDRESSED/
UNABLE TO FORWARD; MOVED, LEFT NO ADDRESS – PER ATTACHED COPY OF ENVELOPE.

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|

## NOTICE OF LAWSUIT AND REQUEST FOR WAIVER OF SERVICE OF SUMMONS

TO: (A)_____

as (B)_____ of (C)_____

A lawsuit has been commenced against you (or the entity on whose behalf you are addressed.) A copy of the complaint is attached to this notice. It has been filed in the United States District Court for the (D) _____Western_____ District of ___PA_____ and has been assigned the docket number

(E) 05-123 E _____.

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed waiver of service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within (F)_____ days after the date designated below as the date on which this Notice and Request is sent. I enclose a stamped and addressed envelope (or other means of a cost-free return) for your use. An extra copy of the waiver is also attached for your records.

If you comply with this request and return the signed waiver, it will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, except that you will not be obligated to answer the complaint before 60 days from the date designated below as the date on which this notice is sent (or before 90 days from the date if you address is not in any judicial district of the United States.)

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Federal Rules of Civil Procedure and will then, to the extent authorized by those Rules, ask the Court to require you (or the party on whose behalf you are addressed) to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to waive the service of the summons, which is set forth at the foot of the waiver form.

I affirm that this request is being sent to you on behalf of the plaintiff, this_____ day of _____8-24-05_____.

_____
Signature of Plaintiff's Attorney
or Unrepresented Plaintiff

A - Name of individual defendant (or name of officer or agent of corporate defendant)
B - Title, or other relationship of individual to corporate defendant
C - Name of corporate defendant, if any
D - District
E - Docket number of action
F - Addressee must be given at least 30 days (60 days if located in foreign country) in which to return waiver

5-123 E
U.S. Marshals Service

AO 399 (12/93)

# WAIVER OF SERVICE OF SUMMONS

TO: _Dustin Fockler, Pro Se_
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I acknowledge receipt of your request that I waive service of a summons in the action of _Fockler v. US Marshal Service_, which is case number
(CAPTION OF ACTION)

_CA 05-123 E_ in the United States District Court for the
(DOCKET NUMBER)

_Western_ District of _P.A_

I have also received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections base on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an answer or motion under Rule 12 is not served upon you within 60 days after _8-24-05_, or within 90 days after that date if the request was sent
(Date Request was sent)
outside the United States.

_____
(DATE)

Print/Typed Name _____

As _____ of _____
(Title)                                    (Corporate Defendant)

**Duty to avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the Court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

_5-123 E_
_U.S. Marshals Service_

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUSTIN FOCKLER,            )
        Plaintiff,    )
                                )
    v.                           )    C.A. No. 05-123 ERIE
                                )
U.S. MARSHAL SERVICE,       )
        Defendant.    )

## O R D E R

Plaintiff, a prisoner at FCI-McKean has submitted a complaint for filing in this district.

AND NOW, this __19__ day of May, 2005,

IT IS HEREBY ORDERED that the United States Marshal is directed to mail a copy of the complaint, notice of lawsuit and request for waiver of service of summons, and waiver and this order to each defendant as directed by plaintiff. Costs shall be advanced by the United States. The defendant is requested to waive service pursuant to Rule 4(d).[1]

IT IS FURTHER ORDERED that plaintiff provide the United States Marshal a separate "Process Receipt and Return" form (USM-285) for each defendant (unless he sent properly completed forms to the Clerk with the complaint). If the plaintiff does not have sufficient copies of the form to prepare one for each defendant, he may obtain additional forms from the Clerk of Court. On this form he must give the full name and complete home address of each individual defendant. If plaintiff fails to give the Marshal correct instructions for mailing to any defendant, his claims against that defendant may be dismissed pursuant to Federal Rule of Civil Procedure 4(m). The plaintiff is further advised that no defendant is required to respond to the complaint until he has accepted a copy of the complaint from the Marshal and waived service, or

---

1. The Marshal will send the form Notice of Lawsuit and Request for Waiver of Service of Summons to each defendant.

AO 72
(Rev. 8/82)

has been served. Therefore, a motion for default cannot properly be filed unless the defendant has failed to file an answer, a motion to dismiss, or a motion for additional time to respond, within sixty (60) days after the Marshal's notice has been mailed, if service is waived pursuant to the notice, or twenty (20) days after being served.

IT IS FURTHER ORDERED that plaintiff shall serve upon each defendant or, if appearance has been entered by counsel, upon their attorneys, a copy of every pleading or other document submitted for consideration by the court and shall include on the original document filed with the Clerk of Court a certificate stating the date a true and correct copy of the pleading or document was mailed to each defendant or his counsel. Any pleading or other document received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service shall be disregarded by the court.

IT IS FURTHER ORDERED that plaintiff shall immediately advise the court of any change in address. Failure to do so may result in dismissal for failure to prosecute if the court and other parties are unable to serve pleadings, orders and other documents upon plaintiff.

IT IS FURTHER ORDERED that the parties are allowed ten (10) days from this date to appeal this order to a district judge pursuant to Local Rule 72.1.3 B. Failure to appeal within ten (10) days may constitute waiver of the right to appeal.

_____
SUSAN PARADISE BAXTER
UNITED STATES MAGISTRATE JUDGE

cc:   United States Marshal

      Dustin Fockler, 11376-040
      FCI McKean
      Post Office Box 8000
      Bradford, PA 16701

AO 72
(Rev. 8/82)

Case No [                    ]

DUSTIN FOCKLER,

Plaintiff,

CA05-123E

vs

UNITED STATES MARSHAL SERVICE,

Defendant.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**COMPLAINT**

Dustin Fockler
# 11376-040
F.C.I.-McKean
P.O. Box 8000
Bradford, Pa.   16701

(Petitioner, Pro Se)

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN FOCKLER, | ) | "COMPLAINT" |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No: [           ] |
| vs | ) | |
| | ) | |
| UNITED STATES MARSHAL'S | ) | |
| SERVICE, | ) | |
| | ) | |
| Defendant(s). | ) | |

## INTRODUCTION

COMES NOW, the Plaintiff, Dustin Fockler, a pro se litigant who brings the current action before the Court pursuant to the Federal Tort Claims Act ("FTCA") pursuant to 28 U.S.C. 1346, the Federal Tort Claims Act as well as the "Federal Question" statute pursuant to 28 U.S.C. § 2671.

## JURISDICTION

Jurisdiction of conferred upon the Court pursuant to the Federal Tort Claims Act pursuant to 28 U.S.C. § 2671 and 28 U.S.C. § 1346 as well as the "Federal Question" statute pursuant to 28 U.S.C. § 1331.

1. The Plaintiff is a federal prisoner who is currently in the custody of the Federal Bureau of Prisons serving a sentence which was imposed as the result of a criminal conviction.

Page 1

2.  The Defendant(s) in the current cause of action, the United States Marshal's Service, is responsible for the temporary housing and transport of prisoners in federal custody as well as the safety of the public during such temporary custody periods.

3.  The events discussed herein, are the result of a period of "temporary custody" in which the Plaintiff was in the custody of the United States Marshal's Service in route to his current place of incarceration.

4.  Upon his arrival at the Federal Correctional Institution McKean, Bradford, Pennsylvania, the Plaintiff has been under the care of the Psychology Department due to the injuries he suffered as a result of the negligence of the U.S. Marshal's Service during his transport to his current place of incarceration.

    Pursuant to the Federal Tort Claims Act as well as the Federal Bureau of Prisons Policy,[1] the Plaintiff filed a Standard-Form 95 to the U.S. Marshal Service and the required period of six months to exhaust his administrative remedies prior to filing and cause of action against the

---

[1] See generally, Federal Bureau of Prisons Policy Statement, 1320.03

responding agency for the claim expired.

5. Accordingly, more than six months have elapsed since the forwarding of the claims to the Marshal Service and, as such, this action commenced.

## STATEMENT OF CLAIM

6. The claims of the Plaintiff in the above titled case are the product of two major incidents which occurred while the Plaintiff was enroute to the Federal Correctional Institution-McKean, Bradford, Penssylvania.

7. The claims in question are the product of a series of mechanical malfunctions of aircraft leased by the U.S. Marshal Service for the transport of Federal Prisoners from the Federal Transfer Center ("FTC") to designated locations throughout the United States.

8. The Plaintiff has sought mental health care by the psychology department at the F.C.I.-McKean as the result of being on two different aircraft in late 2003, early 2004 which had severe mechanical malfunctions. These incidents were outlined in the Plaintiff's administrative remedy, SF-95. which was submitted to the U.S. Marshal Service

9. During the first flight, the Plaintiff was on approach into

the Chicago Airport, and upon landing, one of the tires on the aircraft blew out. The Plaintiff was seated next to a window and could observe smoke coming from the aircraft.

10. The passengers (which includes the Plaintiff) were instructed by the Air Marshals to remain seated at which time the passengers could observe fire trucks moving in the direction of the disabled aircraft.

11. Approximately five minutes or so elapsed and then the Marshals opened an emergency exit at which time an inflatable ramp also deployed. The Air Marshals began to throw prisoners down the ramp  The Plaintiff suffered friction burns on his left elbow from sliding to hard

12. In relation to the situation, a local news channel picked up the story in relation to the plane and the fire, although the Plaintiff has been unsuccessful in obtaining a copy of the article which would further describe the circumstances of the entire incident.

13. The second incident which also concerns the mechanical integrity of the aircraft used by the U.S. Marshal Service occurred once more **while the Plaintiff was on transport to another facility from the FTC Oklahoma**.

14. Approximately one month after the first incident occurred the Plaintiff was placed on a plane  once more for transport

to the Plaintiff's current place of confinement. Prior to flight, the Plaintiff could smell smoke in the passenger compartment of the aircraft. Shortly after take-off (approx. 5 minutes or so), the captain came over the intercom and informed the inmates that he was going to make an emergency landing.

15. Once more, upon landing, the fire and news crews were everywhere. Once the plane was stopped, the door was opened and a fireman entered the passenger cabin wearing a suit and carrying a carbon monoxide detector.

16. These are not the only incidents which have occurred in relation to the aircraft leased by the Marshal Service and mechanical failures resulting in the aircraft either making an emergency landing or requiring immediate maintenance prior to any further use. These incidents are quite frequent.

17. The Plaintiff has been under the care of a mental health care providers since his arrival at the F.C.I.-McKean, Bradford PA. Additionally, the Plaintiff has been diagnosed with Post-Traumatic Stress Disorder (PTSD) and has been taking psychotropic medication since his arrival and subsequent treatment for this disorder.

18. Due to this condition, the Plaintiff is prone to insomnia and anxiety attacks as well as depression and fear for his life if the BOP decides to transfer him to another facility by placing him in the custody of the U.S. Marshal Service.

19. The Plaintiff has been informed that his condition could remain present for the rest of his life which would result in his loss of full earning capacity and the requirement for permanent follow-up mental health care for the rest of his life. This is complicated by the fact that the Plaintiff will already be under civil disability due to this status as a federal prisoner and upon release, his status as a convicted felon.

20. It is obvious that the aircraft being used by the U S Marshal Service are not being maintained as those of their civilian counterparts and frequency of mechanical failure resulting in the cancellation of flights as well as flights being forced to return to Oklahoma City shortly after take off.

21. The Plaintiff asserts that the maintenance required on these aircraft does not meet the standards set forth by the Federal Aviation Administration ("FAA") nor does it meet the standards set forth by the National Transportation Safety Board ("NTSB") for maintenance and safety.

22. The U.S. Marshal Service is negligent in the maintenance of these aircraft or is negligent in permitting this type of situation to continue in this manner endangering both the civilian populations within the United States as well as the lives of Federal Officers and inmates who are forced to fly on unsafe or non-airworthy planes.

## RELIEF REQUESTED

Pursuant to the claim for monetary compensation (compensatory damages) for actual injury suffered by the Plaintiff the Plaintiff requests an award in the sum of $2,000,000.00 for loss of future earning capacity, ongoing medical cost associated with continued medical treatment once he is released from the Federal Bureau of Prisons, such as counseling and medication(s) which he may be required to take for the rest of his life.

The Plaintiff also reserves the right to pursue injunctive relief against the U.S. Marshal's Service by way of another civil action either in this Court or the District Court for the District of Columbia to prevent this harm from occurring in any other case endangering both civilian and prisoner populations within the United States.

Respectfully Submitted,

*Dustin Fockler*
Dustin Fockler

## DECLARATION

I swear that the foregoing is true and correct to the best of my knowledge, pursuant to Title 28 of the United States Code, Section 1746.

Signed this 20th day of April, 2005

*Dustin Fockler*
Dustin Fockler

Page 7

U.S. Department of Justice  
United States Marshals Service

**PROCESS RECEIPT AND RETURN**  
See Instructions for "Service of Process by the U.S. Marshal"  
on the reverse of this form.

| PLAINTIFF | COURT CASE NUMBER |
|---|---|
| Dustin Fockler | 05-123 ERIE |

| DEFENDANT | TYPE OF PROCESS |
|---|---|
| United States Marshal's Service | Personal |

**SERVE** → NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN  
U.S. Marshal's Service, Central Office  
ADDRESS (Street or RFD, Apartment No., City, State and ZIP Code)  
**AT** 600 Army-Navy Drive, Arlington, Va. 22202-4210

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Dustin Fockler, # 11376-040  
Federal Correctional Institution-McKean  
P.O. Box 8000  
Bradford, Pa. 16701

| | |
|---|---|
| Number of process to be served with this Form - 285 | 01 |
| Number of parties to be served in this case | 01 |
| Check for service on U.S.A. | -- |

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE (Include Business and Alternate Addresses, All Telephone Numbers, and Estimated Times Available For Service):

The United States Marshal's Service has been named in relation to suit by Federal inmate during his transport and custody of the U.S. Marshal's Service. Due to lack of resources at the inmate's current place of confinement, the address indicated above may be out dated. The inmate has been directed to serve the U.S. Marshal's Central Office not a specific state located office. Please redirect if necessary.

| Signature of Attorney or other Originator requesting service on behalf of: | ☐ PLAINTIFF ☐ DEFENDANT | TELEPHONE NUMBER | DATE |
|---|---|---|---|
| N/A | | N/A | N/A |

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

| I acknowledge receipt for the total number of process indicated. (Sign only first USM 285 if more than one USM 285 is submitted) | Total Process | District of Origin No. | District to Serve No. | Signature of Authorized USMS Deputy or Clerk | Date |
|---|---|---|---|---|---|
| | 3 | 68 | 68 | [signature] | 9/26/05 — 9/20/05 |

I hereby certify and return that I ☐ have personally served, ☐ have legal evidence of service, ☐ have executed as shown in "Remarks", the process described on the individual, company, corporation, etc., at the address shown above or on the individual, company, corporation, etc., shown at the address inserted below.

☐ I hereby certify and return that I am unable to locate the individual, company, corporation, etc., named above (See remarks below).

| Name and title of individual served (if not shown above) | ☐ A person of suitable age and discretion then residing in the defendant's usual place of abode. |
|---|---|
| Address (complete only if different than shown above) | Date of Service / Time / am / pm |
| | Signature of U.S. Marshal or Deputy |

| Service Fee | Total Mileage Charges (including endeavors) | Forwarding Fee | Total Charges | Advance Deposits | Amount owed to U.S. Marshal or | Amount of Refund |
|---|---|---|---|---|---|---|
| | | | | | | |

REMARKS: Mailed 8-24-05

09/15/05 RETURNED TO COURT UNEXECUTED - RETURN TO SENDER/NOT DELIVERABLE AS ADDRESSED/ UNABLE TO FORWARD; MOVED, LEFT NO ADDRESS - PER ATTACHED COPY OF ENVELOPE.

| PRIOR EDITIONS MAY BE USED | 1. CLERK OF THE COURT | FORM USM-285 (Rev. 12/15/80) |
|---|---|---|



- ☒ Insufficient Address
- ☐ Moved, Left No Address
- ☐ Unclaimed
- ☐ Attempted - Refused
- ☐ No Such Street - Not Known
- ☐ No Such Number
- ☐ No Receptacle - Vacant
- ☐ Not Deliverable
- ☐ As Addressed
- ☐ Unable To Forward



NIXIE

U.S. MARSHALS ———

2130 1    08 09/05/05

RETURN TO SENDER
NOT DELIVERABLE AS ADDRESSED
UNABLE TO FORWARD
RETURN TO SENDER



NIXIE

RETURN TO SENDER
AS ADDRESSED
UNABLE TO FORWARD
RETURN TO SENDER

2130 1    08 09/05/05

U.S. MARSHALS

☒ Insufficient Address
☐ Moved, Left No Address
☐ Unclaimed   ☐ Refused
☐ Attempted - Not Known
☐ No Such Street  ☐ Vacant
☐ No Receptacle
☐ Not Deliverable
As Addressed
Unable To Forward

