IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN FOCKLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 05-123 ERIE |
| | ) | Judge Sean J. McLaughlin |
| v. | ) | Magistrate Judge Baxter |
| | ) | |
| UNITED STATES MARSHALS SERVICE, | ) | Electronically Filed |
| | ) | |
| | ) | |
| Defendant. | ) | |

**BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS
FOR LACK OF SUBJECT MATTER JURISDICTION**

Plaintiff Dustin Fockler filed this *pro se* action against the United States Marshals Service ("USMS") under the provisions of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq*. Plaintiff's claims arise out of two (2) separate incidents that occurred while he was in the custody of defendant USMS en route to his current place of incarceration at a federal prison in McKean County, Pennsylvania ("FCI McKean'). In particular, the Complaint alleges that, during plaintiff's transports on aircraft leased by defendant, the aircraft experienced severe mechanical malfunctions causing them to make emergency landings. Plaintiff alleges that defendant is negligent for failing to maintain the leased aircraft. As a result of defendant's alleged negligence, plaintiff claims that he suffers from Post Traumatic Stress Disorder ("PTSD"). He seeks $2 million in damages.

For the reasons explained more fully below, however, the Court should dismiss this action in its entirety and with prejudice. To begin with, all claims against the USMS should be dismissed because the United States is the only proper defendant in an action under the FTCA. Even assuming that plaintiff had named the proper party, his claims still fail because he admits

that the aircraft at issue were leased by the government, and the FTCA does not waive sovereign immunity for acts of independent contractors. Further, plaintiff cannot recover damages for PTSD because the FTCA explicitly requires incarcerated felons to show physical injury. The Court should dismiss grant defendant's motion to dismiss for lack of subject matter jurisdiction.

## STATEMENT OF FACTS

Plaintiff is a federal inmate who is currently incarcerated at FCI McKean. He was convicted on August 27, 2003 of conspiracy to distribute marijuana and conspiracy to launder money. For these crimes, plaintiff was sentenced to 144 months for each count, to be served concurrently, followed by four (4) years of supervised release as to the first count and three (3) years as to the second count, to be served concurrently. (*See* Docket Sheet for *United States v. Dustin Gene Fockler, et al.*, United States District Court, Western District of Michigan, Case No. 1:03-cr-00088-RHB-1 (attached as Exhibit 1 to Decl. of Jessica Born)). Assuming plaintiff receives all Good Conduct Time available, his projected release date is December 12, 2003. (Decl. Of Jessica Born, at ¶ 4).

Plaintiff's claims arise out of two (2) alleged events that took place in late 2003 or early 2004, during the time that plaintiff was in the "temporary custody" of the USMS en route to FCI McKean. (*See* Compl., ¶¶ 6 & 8). Plaintiff alleges that his claims "are the product of a series of mechanical malfunctions of aircraft leased by the U.S. Marshal[s] Service for the transport of Federal Prisoners." (*Id.*, ¶ 7).

The first incident underlying plaintiff's claims allegedly occurred while plaintiff was being transported on an aircraft to Chicago. According to plaintiff, one of the plane's tires blew out during the landing, and plaintiff saw smoke coming from the aircraft and fire trucks moving

towards the scene. Plaintiff was evacuated from the plane by the USMS through an emergency exit and down an inflatable ramp. (*Id.*, ¶¶ 10-11). The second incident allegedly occurred about a month after the first, while plaintiff was being transported on a plane from Oklahoma to FCI McKean. Plaintiff alleges that he smelled smoke in the passenger compartment prior to takeoff and, shortly thereafter, the pilot announced that the plane would have to make an emergency landing. Upon landing, the plane was met by a fire crew, and one firefighter entered the passenger cabin wearing a suit and carrying a carbon monoxide detector. (*Id.*, ¶¶ 13-14). Both incidents were allegedly reported in the local news. (*Id.*, ¶¶ 12 & 15).

Plaintiff alleges that, since his arrival at FCI McKean, he has been under the care of mental health providers. According to plaintiff, he has been diagnosed with PTSD and is being treated with psychotropic medication. Because of this condition, plaintiff is allegedly "prone to insomnia and anxiety attacks as well as depression and fear for his life" if he is transported to another facility by the USMS. (*Id.*, ¶¶ 17-18). The condition could allegedly remain for the rest of plaintiff's life. (*Id.*, ¶ 19).

The Complaint alleges that "[i]t is obvious that the aircraft being used by the [USMS] are not being maintained as those of their civilian counterparts and frequency of mechanical failure resulting in the cancellation of flights as well as flights being forced to return to Oklahoma City shortly after take off." (*Id.*, ¶¶ 20). According to plaintiff, the aircraft leased by the USMS are not maintained in accordance with standards set by government agencies for maintenance and safety. (*Id.*, ¶¶ 21). He alleges that defendant "is negligent in the maintenance of these aircraft or is negligent in permitting this type of situation to continue." (*Id.*, ¶¶ 22).

As relief, plaintiff seeks compensatory damages in the amount of $2 million "for loss of future earning capacity, ongoing medical cost associated with continued medical treatment once he is released from the Federal Bureau of Prisons, such as counseling and medication(s) which he may be required to take for the rest of his life." (*Id.*, p. 7). He also purports to "reserve[] the right to pursue injunctive relief" against the USMS.

## APPLICABLE LEGAL STANDARD

Where the allegations in a complaint are insufficient to show that the Court has jurisdiction over the subject matter, a motion to dismiss under Rule 12(b)(1) is appropriate. *See* 5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1350, 211-12 (2d ed.1990). The party asserting the existence of federal jurisdiction bears the burden of proving that jurisdiction over the subject matter actually exists. *Int'l Ass'n of Machinists & Aerospace Workers v. Northwest Airlines,* 673 F.2d 700, 711 n.16 (3d Cir. 1982); *Shepherdson v. Local Union No. 401,* 823 F. Supp. 1245, 1248 (E.D. Pa. 1993).

When considering a challenge to a court's jurisdiction under Fed. R. Civ. P. 12(b)(1), a court ordinarily need not limit its inquiry to the facts as pled in the complaint. *Land v. Dollar*, 330 U.S. 731, 735 (1947). Rather, "[t]he court may inquire by affidavits or otherwise, into the facts as they exist." *Id.* at 735 n.4. A federal court is able to take such action because it must assure itself that it has jurisdiction over the case, and it may even resolve factual disputes in doing so. *See Boyle v. The Governor's Veterans Outreach & Assistance Ctr.*, 925 F.2d 71, 74 (3d Cir. 1991) (citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

# ARGUMENT

As detailed below, the Court lacks subject matter jurisdiction over this FTCA action, and should therefore dismiss plaintiff's Complaint.

## I. THE UNITED STATES IS THE ONLY PROPER DEFENDANT IN AN ACTION BROUGHT UNDER THE FTCA

As sovereign, the United States is immune from suit except as it consents to be sued, and the terms of its consent, as set forth by Congress, define the limits of the federal courts' subject matter jurisdiction to decide suits brought against the United States. *United States v. Sherwood,* 312 U.S. 584, 586 (1941); *see also United States v. Mitchell,* 463 U.S. 206, 212 (1983) ("It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction."). The FTCA creates a limited waiver of sovereign immunity for claims against the United States "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b); *see generally, United States v. Orleans*, 425 U.S. 807, 813 (1976) (limited waiver).

Because the FTCA's waiver of sovereign immunity extends only to the United States – and not its employees or specific federal agencies – the United States is the only proper defendant in an action brought under the FTCA. *See, e.g., Kennedy v. United States Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir. 1998) (per curiam) (affirming dismissal of Postal Service in FTCA action because the United States is the only proper defendant in such an action); *Allgeier v. United States,* 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee."); *Mars v.*

*Hanberry*, 752 F.2d 254, 255 (6th Cir. 1985) ("The United States is the only proper party in an action pursuant to the [FTCA], and the FTCA does not grant federal courts jurisdiction over actions against individual defendants such as employees.") (internal citations omitted); *McNiff v. Asset Management Specialists, Inc.,* 337 F. Supp. 2d 685, 691 (E.D. Pa. 2004) ("It is well-settled that the United States of America is the only proper party in a suit pursuant to the Federal Tort Claims Act."). Accordingly, defendant USMS should be dismissed from this FTCA action.

## II.   THE FTCA DOES NOT WAIVE SOVEREIGN IMMUNITY FOR THE ACTS OF INDEPENDENT CONTRACTORS

Even if plaintiff had named the United States as a defendant, however, his FTCA claims should still be dismissed. As set forth above, the FTCA waives sovereign immunity for claims against the United States only for the negligence of its officers or employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b). The FTCA defines "government employees" as "employees of a federal agency," and defines "federal agency" to include "the executive departments, the military departments, independent establishments of the United States, and corporations primarily acting as instrumentalities or agencies of the United States, ***but does not include any contractor with the United States.***" *Id.* (emphasis added). "Thus, there is an independent-contractor exemption in the Federal Tort Claims Act." *Norman v. United States,* 111 F.3d 356, 357 (3d Cir. 1997); *see generally, Orleans,* 425 U.S. at 814 (explaining independent contractor exception); *Logue v. United States,* 412 U.S. 521, 527-58 (1973) (same).

The independent contractor exception applies to this case. Indeed, plaintiff has specifically alleged that the allegedly defective aircraft were "leased by the U.S. Marshal[s] Service for the transport of Federal Prisoners." (Compl., ¶ 7). As explained further in the

attached declaration, the USMS contracts with CSI Aviation Service for the lease and maintenance of jet passenger aircraft to transport individuals remanded to the custody of the USMS. (*See* Decl. of Jessica Born at ¶6; Contract No. MS-03-C-0008 (attached as Exhibit 2 to Decl. of Jessica Born)). The distinction between a federal employee and an independent contractor turns on whether the entity's day-to-day operations are supervised by the federal government. *See Norman*, 111 F.3d at 357 (*citing Orleans*, 425 U.S. at 815). In making this determination, courts often review the contract at issue. *See Richardson v. Philadelphia Auth. for Indus. Develop.,* No. Civ. A. 03-2980, 2004 WL 1614882, at *3 (E.D. Pa. July 16, 2004).

      A review of the contract in this case demonstrates that CSI Aviation Service was given broad responsibility for daily maintenance of the aircraft. In contrast to the usual Statement of Work ("SOW") furnished by the government, the maintenance section of the contract provides for the contractor to furnish its own Statement of Work ("CSOW") that is "based on its own corporate practice." (*See* Contract No. MS-03-C-0008, at § II, Part B (attached as Exhibit 2 to Decl. of Jessica Born)). "The CSOW shall address the level and type(s) of maintenance and logistics support that will be provided at all three of the [USMS] operational sites." (*Id.*) The contract goes on to list topics that the CSOW should address, including safety, major repairs and Airworthiness Directives. (*See id.*) Although the contract includes minimum requirements and guidelines, this does not transform the contractor into an agent of the United States. *See Richardson,* 2004 WL 1614882, at *3 ("A contractor is not considered an employee simply because the contractor is required to provide a minimum quality of service or adhere to contractual obligations.") (citing *Norman,* 111 F.3d at 357); *Logue,* 412 U.S. at 529-30 (finding that, even though the United States retained the right to inspect the state jail and demand

compliance with various regulations of the Bureau of Prisons, the jail was an independent contractor because the United States had no authority to physically supervise the conduct of the jail's employees). Accordingly, CSI Aviation Service is an independent contractor and not a federal employee. Because the negligent act alleged by plaintiff was committed by an independent contractor and not the United States, there is no waiver of sovereign immunity under the FTCA and, consequently, this Court lacks subject matter jurisdiction.

### III.   PLAINTIFF CANNOT BRING AN ACTION UNDER THE FTCA BECAUSE HE DOES NOT ALLEGE A PHYSICAL INJURY

The FTCA explicitly provides that:

> No person convicted of a felony who is incarcerated while awaiting sentencing or while serving a sentence may bring a civil action against the United States or an agency, officer, or employee of the Government, *for mental or emotional injury suffered while in custody without a prior showing of physical injury.*

28 U.S.C. § 1346(b)(2) (emphasis added). In other words, an incarcerated felon may not bring an action under the FTCA without a showing of physical harm. *See Murphy v. United States,* No. 97-1000, 1997 WL 352992, at *1 (10th Cir. June 26, 1997) (affirming district court dismissal on grounds including failure to show physical injury under 28 U.S.C. § 1346(b)(2)). Despite the clear language of the statute, there appears to be little case law applying this provision. Nonetheless, the language of section 1346(b)(2) is substantially similar to 42 U.S.C. § 1997e(e), another section which was added by the Prisoner Litigation Reform Act ("PLRA").[1] *See Cassidy v. Indiana Dep't of Corrections,* 199 F.3d 374, 376 (7th Cir. 2000) (discussing the similarity of sections 1997e(e) and 1346(b)(2)). And courts have consistently held that section 1997e(e)

---

[1] Section 1997e(e) provides: "No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

"predicates a prisoner's claim for mental or emotional injury suffered while in custody on a showing of accompanying physical injury." *Mitchell v. Horn,* 318 F.3d 523, 533 (3d Cir. 2003); *see, e.g., Geiger v. Jowers,* 404 F.3d 371, (5th Cir. 2005) (prisoner's claim for compensatory damages barred by physical injury requirement of section 1997e(e)); *Davis v. District of Columbia,* 158 F.3d 1342, 1345-48 (D.C. Cir. 1998) (upholding constitutionality of physical injury requirement of section 1997e(e)); *Morro v. Wackenhut Corrections Corp.,* No. CIV. A. 97-CV-0389, 1999 WL 817735, at *3 (E.D. Pa. Oct. 12, 1999) (finding that recovery for psychological injury is clearly barred by the PLRA without a prior showing of physical injury).

The physical injury requirement of section 1346(b)(2) bars plaintiff's claim for damages in this case. Indeed, section 1346(b)(2) applies because plaintiff has been convicted of a felony and he is currently incarcerated. (*See* Decl. of Jessica Born, at ¶ 3). Moreover, plaintiff seeks to recover injury for PTSD – a mental or emotional injury suffered while in custody. (*See* Compl., ¶¶ 17-18). The Complaint does allege that, when he was evacuated from the first aircraft using the inflatable ramp, plaintiff "suffered friction burns on his left elbow from sliding to [sic] hard." (*Id.,* ¶ 11). But plaintiff does not seek compensation for this alleged injury, nor does he allege that the friction burns caused his PTSD. Further, the Third Circuit has held that section 1997e(e) requires more than a mere *de minimis* physical injury. *See Mitchell,* 318 F.3d at 534-36; *accord, e.g., Oliver v. Keller*, 289 F.3d 623, 626-28 (9th Cir. 2002). The *Mitchell* court reasoned that, "reading 1997e(e) to allow a plaintiff to allege any physical injury, no matter how minor, would produce an unintended (indeed absurd) result." *Id.* at 535. Because plaintiff does not allege more than a *de minimis* physical injury, he cannot recover damages under the FTCA.

## CONCLUSION

For all the foregoing reasons, the Court should grant defendant's motion to dismiss for lack of subject matter jurisdiction, and dismiss plaintiff's Complaint in its entirety and with prejudice.

                                            Respectfully submitted,

                                            MARY BETH BUCHANAN
                                            United States Attorney

                                            <u>/s/ Megan E. Farrell</u>
                                            MEGAN E. FARRELL
                                            Assistant U.S. Attorney
                                            Western District of PA
                                            U.S. Post Office & Courthouse
                                            700 Grant Street, Suite 4000
                                            Pittsburgh, PA  15219
                                            (412) 894-7429
                                            PA ID No. 76972

                                            Counsel for defendant United States Marshals Service

Dated: November 23, 2005

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of November, 2005, a true and correct copy of the within Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, and Brief in Support Thereof was served, by postage paid U.S. Mail, to and upon the following:

>Dustin Fockler
>No. 40427-053
>FCI McKean
>P.O. Box 8000
>Bradford, PA 16701

>/s/ Megan E. Farrell
>MEGAN E. FARRELL
>Assistant U.S. Attorney