IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DUSTIN FOCKLER, | ) | Civil Action No. 05-123 ERIE |
| | ) | |
| Plaintiff, | ) | Hon. Sean J. McLaughlin, Judge |
| | ) | |
| vs. | ) | Hon. Susan Paradise Baxter |
| | ) | Chief, U.S. Magistrate Judge |
| UNITED STATES MARSHAL SERVICE, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS**

NOW COMES, the Plaintiff, Dustin Fockler, and appearing pro se, and hereby files this his opposition to the Defendant's motion to dismiss.

1. Plaintiff is a Pro Se Litigant.

Plaintiff is an incarcerated pro se litigant in this matter, and therefore, cannot be held to the same stringent standards as a lawyer. Contrary to the Government's averments. If a court can reasonably read a pro se litigant's pleadings to state a valid claim, the court should do so, despite the failure of the litigant for failure to cite proper legal theories, failure to abide by pleading requirements. Poor syntax, sentence construction, and/or spelling errors. Or even the litigant's confusion of legal theories. see Haines v. Kerner, 404 U.S. 519 (1972); Boag v. MacDougall, 454 U.S. 364 (1982); Hughes v. Rowe, 449 U.S. 5 (1980).

Therefore, since the Plaintiff inappropriately named the UNITED STATES MARSHAL SERVICE as the defendant rather than the UNITED STATES OF AMERICA, does not justify dismissal. Haines supra.

2. Plaintiff has shown injury.

Post Traumatic Stress Disorder is an injury within the meaning of the PLRA and the Federal Tort Claims Act. see e.g., E.J.M. v. Archdiocese of Philadelphia, 424 Pa. Super. 449, 622 A.2d 1388 (1993).

1

PTSD is a lifelong illness, caused by exposure to activity which would cause him trauma, like mechanical malfunctions which almost caused an aircraft to wreck. see Ross v. United States, 641 F.Supp. 368, 377 (D.D.C. 1986)

3. USMS is responsible for the Contract.

Despite the claims of the Government, the United States Marshal Service is responsible for the actions of its contractors, if those actions interfere with the United States Marshal Services' official obligation to transport federal prisoners in a safe and secure manner. see e.g., Swoboda v. United States, 662 F.2d 326, 329 (5th Cir. 1981) (defining negliegence per se); see also, Logue v. United States, 412 U.S. 521, 532-33 (1973); Cline v. U.S. Department of Justice, 525 F.Supp. 825, 831 (D.S.D. 1981); Brown v. United States, 374 F.Supp. 723, 728-29 (E.D.Ark. 1974).

4. Conclusion.

Based on the above, it is clear that the Government cannot prevail on their motion to dismiss. Therefore, this Court should deny the Government's motion. Require them to file an answer to the complaint. And set this matter for discovery and further proceedings.

Dated: February 22, 2006                    Respectfully submitted:

                                            _____
                                            Dustin Fockler
                                            Reg. No. 11376-040
                                            FCI McKean
                                            P.O. Box 8000
                                            Bradford, PA. 16701-0980

CERTIFICATE OF SERVICE:

I do hereby certify that I placed a true and correct copy of the above and foregoing pleading in the U.S. Mail, first-class postage prepaid, on this the 22nd day of February, 2006, for delivery to:

Megan E. Farrell, Esq.
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh PA 15219

                                            _____
                                            Dustin Fockler