IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DUSTIN FOCKLER )
    Plaintiffs )
 )
  v. ) C.A. No. 05-123 Erie
 ) District Judge McLaughlin
UNITED STATES MARSHAL SERVICE, ) Magistrate Judge Baxter
    Defendant. )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I. RECOMMENDATION**

  It is respectfully recommended that Defendant's motion to dismiss [Document # 8] be granted.

  It is further recommended that Plaintiff's motion to amend complaint [Document # 14] be denied as futile.

**II. REPORT**

  **A. Procedural History**

  On April 25, 2005, Plaintiff, a federal inmate incarcerated at FCI-McKean in Bradford, Pennsylvania filed the instant action under the Federal Tort Claims Act. Plaintiff named the United States Marshal Service as the sole Defendant.[1] Plaintiff claims that during his transport on aircraft leased by the U.S. Marshal Service, the aircraft experienced mechanical problems causing emergency landings on two separate occasions. Plaintiff alleges that as a result of these two experiences, he suffers from Post Traumatic Stress Disorder. As relief, Plaintiff seeks

---

[1] The only proper defendant in an FTCA action is the United States of America. Allgeier v. United States, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.").

monetary damages in the amount of two million dollars.

Defendant has filed a motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim. In response to the pending motion, Plaintiff has filed a brief in opposition, as well as a motion to amend the complaint to substitute the United States of America as the sole defendant.

### B.      Standards of Review

#### 1.      *Pro Se* Litigants

*Pro se* pleadings, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears "'beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Haines v. Kerner, 404 U.S. 519, 520-521(1972), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). If the court can reasonably read pleadings to state a valid claim on which the litigant could prevail, it should do so despite failure to cite proper legal authority, confusion of legal theories, poor syntax and sentence construction, or litigant's unfamiliarity with pleading requirements. Boag v. MacDougall, 454 U.S. 364 (1982); United States ex rel. Montgomery v. Bierley, 141 F.2d 552, 555 (3d Cir. 1969)(petition prepared by a prisoner may be inartfully drawn and should be read "with a measure of tolerance"); Smith v. U.S. District Court, 956 F.2d 295 (D.C.Cir. 1992); Freeman v. Department of Corrections, 949 F.2d 360 (10th Cir. 1991). Under our liberal pleading rules, during the initial stages of litigation, a district court should construe all allegations in a complaint in favor of the complainant. Gibbs v. Roman, 116 F.3d 83 (3d Cir. 1997). See, e.g., Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996)(discussing Fed.R.Civ.P. 12(b)(6) standard); Markowitz v. Northeast Land Company, 906 F.2d 100, 103 (3d Cir. 1990)(same). Because Plaintiff is a *pro se* litigant, this Court will consider facts and make inferences where it is appropriate.

#### 2.      Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(1)

When a motion to dismiss is made under Federal Rule of Civil Procedure 12(b)(1) for

lack of subject matter jurisdiction which attacks the as deficient on its face, the Court must take all allegations in the complaints as true. Mortensen v. First Federal Sav. and Loan Ass'n., 549 F.2d 884, 891 (3d Cir. 1977). However, when the motion attacks the existence of subject matter jurisdiction in fact, no presumptive truthfulness attaches to plaintiff's allegations and the Court may weigh the evidence to satisfy itself that subject matter jurisdiction exists in fact. Id. at 891. See also Carpet Group Intern. v. Oriental Rug Importers Ass'n, Inc., 227 F.3d 62, 69 (3d Cir. 2000); Poling v. K. Hovnanian Enterprises, 99 F.Supp.2d 502, 515 (D.N.J. 2000).

### 3. Motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6)

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) must be viewed in the light most favorable to the plaintiff and all the well-pleaded allegations of the complaint must be accepted as true. Neitzke v. Williams, 490 U.S. 319 (1989); Estelle v. Gamble, 429 U.S. 97 (1976). The motion cannot be granted unless the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984). The issue is not whether the plaintiff will prevail at the end but only whether he should be entitled to offer evidence to support his claim. Neitzke; Scheuer v. Rhodes, 419 U.S. 232 (1974). Rule 8(a) of the Federal Rules of Civil Procedure states that a pleading must set forth a claim for relief which contains a short and plain statement of the claim showing that the pleader is entitled to relief. Therefore, in order to survive a motion to dismiss for failure to state a claim, the complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief can be granted.

### C. The Federal Tort Claims Act (FTCA)

Defendant argues that any allegation of negligence involving an independent contractor should be dismissed because the government cannot be held liable for such alleged negligence.

Under the principle of sovereign immunity, the United States cannot be sued for damages unless it consents to being sued. United States v. Mitchell, 445 U.S. 535, 538 (1980).

3

The terms of the government's consent define the federal court's jurisdiction over the case. Lehman v. Nakshian, 453 U.S. 156, 160 (1981). The Federal Tort Claims Act grants jurisdiction to the federal courts to hear suits against the United States Government for torts committed by its employees while in the scope of their employment. See 28 U.S.C. § 2675(a). "A waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). The FTCA sets forth the government's consent to be sued for the negligent conduct of its employees "in the same manner and to the same extent as a private individual under like circumstances." Howell v. United States, 932 F.2d 915, 917 (11th Cir.1991) (citations omitted).

The consent contained in the FTCA is limited and Congress has expressly provided for exceptions to the FTCA's waiver of sovereign immunity. 28 U.S.C. § 2680(a)-(n); United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines), 467 U.S. 797, 808 (1984). These exceptions are to be construed in favor of the sovereign. United States v. Nordic Village, Inc., 503 U.S. 30, 32-36 (1992). The burden of establishing subject matter jurisdiction in this case lies with the plaintiff. Robinson v. U.S., 849 F.Supp. 799, 801 (S.D.Ga.1994). The FTCA covers only Government employees, who are defined by the Act as "officers or employees of any federal agency ... and persons acting on behalf of a federal agency in an official capacity." 28 U.S.C. § 2671. The statute specifically provides that a federal agency does not include "any contractor with the United States." Id. This provision has been held to preclude liability for the negligence of independent contractors. See Logue v. United States, 412 U.S. 521, 528 (1973); Norman v. United States, 111 F.3d 356 (3d Cir. 1997); Woodruff v. Covington, 389 F.3d 1117, 1128 (10th Cir. 2004) ("the FTCA only waives the government's sovereign immunity for 'federal employees,' and explicitly exempts 'independent contractors...'"). Therefore, an FTCA claim alleging negligence by an independent contractor must be dismissed for lack of subject matter jurisdiction.

The distinction between a federal employee and an independent contractor turns on whether the entity's day-to-day operations or activities are supervised by the federal government. In evaluating the nature of the relationship between the United States and the person, "the

4

critical factor used to distinguish a federal agency employee from an independent contractor is whether the government has the power 'to control the detailed physical performance of the contractor.'" Norman, 111 F.3d at 357, citing United States v. Orleans, 425 U.S. 807 (1976) and Logue, 412 U.S. 521.  In this regard, a review of the contract at issue is appropriate.

The U.S. Marshal Service entered into a signed agreement with CSI Aviation Service for the lease and maintenance of jet passenger aircraft to transport individuals remanded to the custody of the U.S. Marshal Service.  Document # 9, Exhibit 2.  According to the terms of the document, CSI Aviation was given broad responsibility for the daily maintenance of the aircrafts.  Accordingly, CSI Aviation is an independent contractor and the government cannot be held liable for its alleged negligence under the FTCA.

Because the record provided by the government reflects that the U.S. Marshal Service employed an independent contractor for transportation of federal prisoners and because Plaintiff has filed no evidence to the contrary, this Court concludes that the FTCA's waiver of sovereign immunity does not apply to allegations of negligence in this action.  Accordingly, this Court lacks subject matter jurisdiction over the complaint and the motion to dismiss should be granted in this regard.

### D.     Futility of Amendment

Plaintiff has filed a motion to amend his complaint seeking to substitute the United States of America as the sole defendant in this case.

Federal Rule of Civil Procedure 15(a) states that "leave [to amend] shall be freely given when justice so requires." Fed.R.Civ.P. 15(a).  "In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." Foman v. Davis, 371 U.S. 178, 182 (1962) (interpreting Federal Rules of Civil Procedure).  An amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted.  In re

NAHC, Inc. Securities Litigation, 306 F.3d 1314, 1332 (3d Cir. 2002).

All actions brought pursuant to the FTCA must be brought against the United States of America and not in the name of the allegedly negligent agency, entity or employee. 28 U.S.C. §§ 2671-2680; 28 U.S.C. § 1346(b). However, as described above, the government cannot be held liable for the alleged negligence of an independent contractor. Accordingly, the motion to amend should be denied as futile.

### III.   CONCLUSION

It is respectfully recommended that Defendant's motion to dismiss [Document # 8] be granted.

It is further recommended that Plaintiff's motion to amend complaint [Document # 14] be denied as futile.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

S/ Susan Paradise Baxter<br>
SUSAN PARADISE BAXTER<br>
Chief United States Magistrate Judge

Dated: March 20, 2006